21087-PJK                                                    Case No. 08 C 2096

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| **Mashal**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. **08 C 2096** |
| | ) | |
| **Royal Jordanian Airline, and Zakha**, | ) | Judge Der-Yeghiayan |
| | ) | Magistrate Judge Schenkier |
| Defendants. | ) | |

## MOTION OF ROYAL JORDANIAN AIRLINE TO QUASH
## SERVICE OF SUMMONS AND TO RE-SET INITIAL STATUS CONFERENCE

Defendant ROYAL JORDANIAN AIRLINE ("Royal Jordanian"), by its undersigned counsel (appearing specially), hereby moves this Court to quash service of Summons that plaintiff claims to have served. It also requests that the Court re-set the initial status conference currently scheduled for May 15, 2008. In support hereof, Royal Jordanian states:

### I.    BACKGROUND

On or about April 13, 2008, Plaintiff Manal Mashal filed in this Court a four count "Complaint for Injunctive Declaratory Relief and Monetary Damages" naming "Royal Jordanian Airline" and "Zakha" (also referred to as "Sami Zakha") as defendants. (CM-ECF Document 1, attached hereto as Exhibit "A").

This Complaint included on its last page a "Certificate of Service" apparently incorporating the electronic signature of plaintiff's counsel, which read:

> Undersigned swears that the foregoing Complaint was filed on ECF on April 13, 2008 and that he placed a copy of the Complaint into an envelope and will deposit it into the US Mail on Monday, August [sic] 14, 2008 addressed to Attorney Michael Holland, Condon & Forsyth, LLP (counsel for RJ and Mr. Zakha), Times Square Tower, 7 Times Square, New York, New York 10036.

21087-PJK                                                                 Case No. 08 C 2096

The Court docket contains a receipt suggesting that on April 13 or 14, the Clerk's office issued two original summonses. (CM-ECF Document 5, attached hereto as Exhibit "B").

On April 21, 2008, Michael Holland, an attorney at a private law firm in New York City, received via regular U.S. Mail an unsigned, undated, and unstamped "Summons in a Civil Case" together with a copy of the Complaint. A true and correct copy of this "Summons" is attached hereto as Exhibit "C".

After filing the above referenced Complaint, plaintiff also filed an emergency motion to compel the depositions of two individual employees of Royal Jordanian before they returned to their native Jordan. Upon information and belief, Plaintiff faxed this emergency motion, (noticed for hearing before Judge Grady on April 21, 2008) to attorney Holland in New York on April 14, 2008.

On April 15th, the undersigned counsel spoke to plaintiff's counsel Christopher Cooper and counsel agreed that Royal Jordanian would make one employee, based at O'Hare, available for a deposition in Chicago if plaintiff would withdraw its emergency motion (the other employee was only in the U.S. on vacation and not subject to Royal Jordanian's control while in the U.S.) Royal Jordanian expressly reserved all rights and defenses in connection with this agreement. True and correct copies of e-mails dated April 16, 2008 confirming this are attached as Exhibit "D".

The undersigned counsel then executed a stipulation regarding the deposition of a Royal Jordanian employee. By letter to plaintiff's counsel dated April 23, 2008, the undersigned counsel for Royal Jordanian forwarded the stipulation, reaffirmed that neither he nor attorney Holland had authority to accept service of process for Royal Jordanian or its employees, and expressly directed plaintiff's counsel to comply with the applicable rules regarding service of

21087-PJK                                                                 Case No. 08 C 2096

process.  A true and correct copy of the stipulation and cover letter are attached hereto as Exhibit "E".

As plaintiff concedes in her Complaint, Royal Jordanian is majority owned by an agency of the government of the Kingdom of Jordan.  Accordingly, Royal Jordanian's counsel also expressly directed plaintiff to the special service of process requirements of the Foreign Sovereign Immunities Act, 28 U.S.C. § 1608.

Plaintiff's counsel has written to the undersigned and asserted his belief that service was proper.  A true and correct copy of Christopher Cooper's e-mail of April 23, 2008 is attached hereto as Exhibit "F".

## II.      <u>PLAINTIFF HAS NOT PROPERLY EFFECTED SERVICE, WHICH SHOULD BE QUASHED</u>

Although plaintiff has filed a document suggesting that the Clerk of this Court has issued Summonses in the case, neither the Summons mailed to attorney Holland nor the Summons attached to the purported return of service that was filed with the Court (CM-ECF Document 11, attached hereto as Exhibit "G") comply with the essential requirements of the Federal Rules of Civil Procedure: they are not signed by the Clerk, they do not bear the seal of the Court, and they are  not directed to the defendants, but to an outside attorney - all in contravention of Fed. R. Civ. Proc. 4(a).

Further, the plaintiff, despite being aware of and actually pleading that Royal Jordanian is an agency of the government of the Kingdom of Jordan, has not complied with Fed. R. Civ. Proc. 4(j), which plainly states that:

> Service upon a foreign state or a political subdivision, agency or instrumentality thereof shall be effected pursuant to 28 U.S.C. § 1608.

21087-PJK                                                                 Case No. 08 C 2096

That statute, a part of the Foreign Sovereign Immunities Act, requires that, absent a special agreement between the parties, personal service be made, inter alia on "an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process in the United States" under 28 U.S.C. § 1608(b)(2).

These requirements are not onerous, and Royal Jordanian, as an agency of a foreign state, is entitled to at least require that it be properly served before being asked to defend against plaintiff's claims.  Where the defects in service are capable of being remedied, the District Court should quash the defective service but may retain the case.  Chronister v. Sam Tanksley Trucking Inc., 569 F. Supp. 464, 470 (N.D. Ill 1983); Hill v. Sands, 403 F. Supp. 1368, 1370 (N.D. Ill 1975).

## III.    REQUEST TO POSTPONE MAY 15TH INITIAL STATUS CONFERENCE

In light of the above, Royal Jordanian respectfully requests that the initial status conference in this mater, currently set for Thursday, May 15, 2008 at 9:00 a.m., as well as the deadlines for filing the joint Initial Status Report and the joint Jurisdictional Report, be re-set for the following reasons:

1.    The parties are not yet at issue, and neither named defendant has been served in the case;

2.    28 U.S.C. § 1608 provides that Royal Jordanian has 60 days from proper service to file a responsive pleading;

3.    Plaintiff has already conceded that she will be filing an Amended Complaint adding new causes of action under Title VII of the Civil Rights Act upon receipt of a "Right to Sue" letter from the Equal Opportunity Employment Commission (Plaintiff's Complaint, p. 2); and,

4.    The concerns over deposition availability of Royal Jordanian employees that were presumably the reason for the emergency motion and the original action for "injunctive-declaratory relief (TRO)" are now mooted.

21087-PJK                                                    Case No. 08 C 2096

Further, the undersigned counsel has a long-standing conflict of a personal/medical nature at the same time as the scheduled initial status.

**WHEREFORE**, Defendant Royal Jordanian Airlines, respectfully requests that this Court enter an order Quashing Service of Process on Royal Jordanian in this case, continuing the initial case management conference to a later date, and issuing such other order(s) as it deems appropriate.

Respectfully submitted,

O'Hagan Spencer LLC

By:  s\ Patrick J. Keating
Counsel Defendant

Patrick J. Keating (ARDC 6211380)
Kristine S. Phillips (ARDC 6273374)
**O'Hagan Spencer LLC**
One E. Wacker Drive, Suite 3400
Chicago, IL 60601
312-422-6100 – Phone
312-422-6110 – Fax

Of Counsel:

Michael J. Holland
**Condon & Forsyth LLP**
Times Square Tower
7 Times Square
New York, NY  10036
Tel: (212) 894-6740
Fax: (212) 370-4482

21087-PJK                                                                    Case No. 08 C 2096

---

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that a true and correct copy of the foregoing document was sent via

U.S. Mail, postage prepaid this 8th day of May, 2008, to:

Christopher Cooper, Esq.
3700 W. 103rd Street
Chicago, IL 60655
**E-mail:  cooperlaw3234@gmail.com; cooper@sxu.edu**

By:  s\ Patrick J. Keating
Counsel Defendant

Patrick J. Keating (ARDC 6211380)
Kristine S. Phillips (ARDC 6273374)
**O'Hagan Spencer LLC**
One E. Wacker Drive, Suite 3400
Chicago, IL 60601
312-422-6100 – Phone
312-422-6110 – Fax

Of Counsel:

Michael J. Holland
**Condon & Forsyth LLP**
Times Square Tower
7 Times Square
New York, NY  10036
Tel: (212) 894-6740
Fax: (212) 370-4482

IN THE UNITED STATES DISTRICT COURT
FOR NORTHERN ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MASHAL<br>     PLAINTIFF,<br>     v.<br>ROYAL JORDANIAN AIRLINE,<br>ZAKHA<br>     DEFENDANTS. | )JUDGE<br>) MAGISTRATE  JUDGE<br>) CASE<br>)<br>)<br>) |

COMPLAINT FOR INJUNCTIVE, DECLATORY RELIEF AND MONETARY
DAMAGES

NATURE OF COMPLAINT

This is an action for injunctive-declaratory relief (TRO) to prevent
Defendant Royal Jordanian Airline from sending, Jordanian passport
holder, Defendant Sami Zakha, back to the country of Jordan (a country
with which the United States, arguably, has Luke warm relations) until and
unless plaintiff's counsel has had an opportunity to depose him pursuant
to plaintiff's lawsuit for Mental Stress and Title VII actions (latter actions are
before the EEOC[1] and not yet filed). Ultimately, when the EEOC releases
the Title VII complaint, there  will be a plaintiff's motion for leave of court
to amend this US District Court Complaint.

Upon reasonable information and belief, Defendant Royal
Jordanian will send Defendant Zakha back to Jordan in July 2008. The
earliest that EEOC will finish its investigation is approximately August 8,
2008. By then, Mr. Zakha will no longer be in the United States.

The government of the Country of Jordan (for which Defendant

---

[1] When the EEOC issues a Right to Sue letter, Plaintiff will amend her Complaint to include
counts for: Title VII harassment: Pregnancy and sex; and Title VII, Retaliation; Title VII Mental
Stress under Color of Law (42 USC 1983).

1

Royal Jordanian is a government agency) is a United Nations Member; however, Jordan has not signed the <u>Convention on the Elimination of All Forms of Discrimination against Women</u>, hence it has not complied with United Nations Treaty, Article 18.  Since this Article personifies the issues in the above captioned matter, it is reasonable to conclude that Royal Jordanian will not make Mr. Zakha available to plaintiff's attorney and this Court.

Pursuant to a FRCP 65 analysis:  Plaintiff's lawsuit:  1) has a likelihood of success on the merits due to overwhelming evidence of tortious actions by defendants; 2) [Plaintiff's lawsuit] presents a threat of irreparable harm should Mr. Zakha return to Jordan, since it is not likely that plaintiff's counsel could cause him to be returned to the United Sates; and 3) there is not an adequate remedy at law.  Having met these conditions, plaintiff's counsel asserts that a balance of the hardships and the impact on public interest show that it is prudent that an injunction issue or that appropriate guarantees are made to the satisfaction of the Court that Mr. Zakha will be available for a deposition sitting and that he is available defendant this lawsuit (cf. Illusions Too Reality, LLC v. City of Harvey, 2003).

Independent of Title VII claims; but upon separate and independent grounds, plaintiff files this Complaint in Diversity pursuant to the FRCP, for monetary damages, Breach of Contract and Mental Stress. The latter caused by actions of Royal Jordanian Airline and Mr. Zakha subsequent to plaintiff's employment with Royal Jordanian Airline. Subsequent stress is related to post employment behavior by defendants and numerous contacts with the represented plaintiff by the defendant airline and its lawyers; although, both were aware that plaintiff is represented by counsel. Other counts of  mental stress will comprise the amended complaint, once the EEOC has issued a Right-to-Sue letter.

Those Counts will show retaliation, namely, plaintiffs termination on January 11, 2008 by Royal Jordanian Airline, her employer of 14 years, when she communicated on January 11, 2008 to Royal Jordanian that that she was the victim of harassment for being female and pregnant; and [mental stress caused by] by ongoing harassment of plaintiff's person while she was in the employ of Royal Jordanian.[2]

Plaintiff was employed by Royal Jordanian Airline beginning in 1994. On January 11, 2008, she was terminated by Defendant Royal Jordanian on orders of Nabil Bataineh, based in New York City. Mr. Bataineh explained to plaintiff and her husband that she was terminated because she erred and violated Jordanian cultural norms when plaintiff's lawyer sent Royal Jordanian a letter that complained plaintiff was the victim of Title VII violations by defendants. Mr. Bataineh implied that the letter was inappropriate, since a woman should not to speak to a man this way or to threaten a man through a lawyer.

## JURISDICTION

Jurisdiction of this United States District Court is had under 28 U.S.C. § 1331; as well as 28 U.S.C. § 1332 in which plaintiff's claim: (a) exceeds $75,000; (b) the individual parties are citizens of different States (Illinois and Jordan); (c) Royal Jordanian is a government run airline that is domiciled in Amman, Jordan; and (d) the defendants are citizens and subjects of the country of Jordan, having "Green Card" status in the United States. Supplemental Jurisdiction is had through **28 U.S.C. § 1367 in that plaintiffs'** related claims form part of the same case or controversy under Article III

---

[2] Retaliation occurred at least three times, to include her termination of employment by and with Royal Jordanian on January 11, 2008 for her having complained through her lawyer on January 11, 2008.

3

of Constitution.

PARTIES

(1)    Plaintiff is a United States citizen and that she is a resident of the State of Illinois (County of Cook) and was harmed by defendants in the state of Illinois.

(2)    Defendant Royal Jordanian Airline is a Government owned and operated Airline of the country of Jordan domiciled in Amman, Jordan, with a regional office for North America operations in New York City and that Royal Jordanian was doing business [from Amman and New York] in Chicago, Illinois at all times when plaintiff was harmed by the defendant Airline.

(3)    Defendant Sami Zakha is a citizen of the country of Jordan. He is a manager for Defendant Royal Jordanian in Chicago, Illinois and that he is a temporary resident of the United States holding Green card status.

FACTS

(1)    Plaintiff is a native of a foreign country, living as a naturalized citizen in the United States, legally, with her husband and two children.

(2)    Plaintiff is pregnant and expecting a child or about June 2008.

(3)    Plaintiff began employment with Royal Jordanian (hereinafter referred to as RJ) in 1994 in the country of Syria.

(4)    In 2001, plaintiff was reassigned to Chicago O'Hare Airport.

(5)    Plaintiff has an excellent work history with RJ to include having been promoted to supervisor.

(6)    In November 2007, plaintiff told Defendant Zakha that she was pregnant.

(7)    RJ tolerated plaintiff having two children, and, as a result, her missing work. The third pregnancy is, allegedly, considered by RJ as plaintiff taking advantage of RJ.

(8)    Defendant Zakha told plaintiff that he no longer wanted to hire

4

women and that when plaintiff went on maternity leave [he said], that he would replace her with a man and that she would not be able to return to her job at RJ completing her recovery form having given birth.

(9) A man was subsequently hired by RJ and plaintiff is no longer in the employ of RJ.

(10) By late December 2007, the harassment of plaintiff for being pregnant and a woman intensified as evidenced by RJ and Mr. Zakha disallowing plaintiff time (and salary) to see an obstetrician and or other physicians as to her pregnancy.

(11) Defendant Zakha was summoning plaintiff to his office to do meaningless chores and that he would smoke cigarettes in her presence and in the presence of the unborn child so to cause serious injury to the fetus. (Smoking is not permitted inside of O'Hare Airport buildings.)

(12) Defendant Zakha had wrongly penalized plaintiff for a routine voided MCO.

(13) Defendant was suspended for her being pregnant and a woman, however, defendants used the guise of a voided MCO.

(14) On January 11, 2008, plaintiff's attorney telephoned and faxed (a lengthy letter) defendants in New York and Chicago. He told defendants to cease violating Title VII rights held by plaintiff.

(15) In response to warnings about Title VII, within one hour of having received the letter and the telephonic communication, RJ Regional Manager Nabil Bataineh, in New York City, sent an overnight letter to plaintiff telling her that she was terminated from her employment with RJ.

(16) In a telephone conversation, Nabil Bataineh implied to plaintiff and her spouse that plaintiff was terminated for having threatened defendants and that regardless of US law and custom, it is not a woman's place (in Jordanian and Middle Eastern culture(s)) to threaten a man directly or through a lawyer.

5

(17)    Plaintiff has suffered mental stress as a result of the foregoing actions by defendants.

(18)    The government of the Country of Jordan (for which RJ is a government agency) is a United Nations Member; however, Jordan has not signed the <u>Convention on the Elimination of All Forms of Discrimination against Women</u>, hence it has not complied with United Nations Treaty, Article 18.

(19)    A non-signature represents that the non-signing country has not committed itself to undertake a series of measures to end discrimination against women in all forms.

(20)    The EEOC is presently conducting an investigation of plaintiff's Title 7 claims. A Right-to-Sue letter can issue within 180 days of complaint to the EEOC.

(21)    Upon reasonable information and belief, RJ will send Defendant Zakha back to Jordan in July 2008.

(22)    The earliest that EEOC can issue a Right-To-Letter is approximately August 8, 2008. By then, Mr. Zakha will no longer be in the United States.


COUNT I: MENTAL STRESS, INTENTIONAL TORT (ILLINOIS COMMON LAW)

(1)    Defendants did intend a mental effect on Plaintiff.

(2)    Defendants did behave in an outrageous and offensive manner toward plaintiff.

(3)    The outrageous and offensive behavior was without plaintiff's consent.

(4)    The behavior of the defendants caused plaintiff mental stress.

(5)    The plaintiff has been evaluated and treated for the mental stress.

(6)    Plaintiff has suffered damages as a result of the mental stress caused by the defendants.

(7)    Defendants did wrongly accuse plaintiff of wrongdoing (how she

handled an MCO and broken credit card machine). The accusation has caused mental stress to plaintiff.

(8)    Subsequent to her termination from RJ, defendants have harassed plaintiff to include contacting her (although she has been represented by counsel since January 19, 2008); suspending her flight benefits; and failing to pay her owed salary for approximately $6000.00 possibly much more. These actions have caused mental stress to plaintiff.

(9)    Damages include that plaintiff has difficulty [because of mental stress] performing some life functions and that Plaintiff's unborn child is at risk and may have suffered or will suffer physical injury because of the mental stress.

WHEREFORE, Plaintiff seeks (injunctive relief[3]) in order that Mr. Zakha is not allowed to leave the United States or that RJ provide provisions to enable his availability to defend against this lawsuit; and that there is sought, judgment against all of the defendants in their official and individual capacities, jointly and severally, for actual, general, special, compensatory damages in the amount of one million dollars; and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $500,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

COUNT II: BREACH OF CONTRACT (ILLINOIS COMMON LAW), Flight Benefits

(10)    Plaintiff repeats, re-alleges and incorporates by reference, the

---

[3] There is likelihood of success on the merits due to overwhelming evidence of tortious actions by defendants; [Plaintiff's lawsuit] presents a threat of irreparable harm should Mr. Zakha return to Jordan, since it is not likely that plaintiff's counsel could cause him to be returned to the United Sates; and there is not an adequate remedy at law.

allegations in aforementioned paragraphs with the same force and effect as if herein set forth.

(11)    Plaintiff is promised flight benefits by RJ for life as per her contract.

(12)    In February or March 2008, plaintiff was denied travel benefits.

(13)    By denying benefits and that plaintiff has given consideration for such contract, defendant RJ is in breach of its contractual obligation.

WHEREFORE, Plaintiff seeks (injunctive relief[4]) in order that Mr. Zakha is not allowed to leave the United States or that RJ provide provisions to enable his availability to defend against this lawsuit;  and that there is sought, judgment against all of the defendants in their official and individual capacities, jointly and severally, for actual, general, special, compensatory damages in the amount of one million dollars; and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $500,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

COUNT III: BREACH OF CONTRACT (ILLINOIS COMMON LAW), Profit Sharing

(14)    Plaintiff repeats, re-alleges and incorporates by reference, the allegations in aforementioned paragraphs with the same force and effect as if herein set forth.

(15)    Plaintiff is promised profit sharing benefits by RJ for life as per her contract.

(16)    Plaintiff has not received profit sharing monies from RJ since her termination.

---

[4] There is likelihood of success on the merits due to overwhelming evidence of tortious actions by defendants;  [Plaintiff's lawsuit] presents a threat of irreparable harm should Mr. Zakha return to Jordan, since it is not likely that plaintiff's counsel could cause him to be returned to the United Sates; and there is not an adequate remedy at law.

(17)    By denying this benefit and that plaintiff has given consideration for such contract, defendant RJ is in breach of its contractual obligation.

WHEREFORE, Plaintiff seeks (injunctive relief[5]) in order that Mr. Zakha is not allowed to leave the United States or that RJ provide provisions to enable his availability to defend against this lawsuit; and that there is sought, judgment against all of the defendants in their official and individual capacities, jointly and severally, for actual, general, special, compensatory damages in the amount of one million dollars; and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $500,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

### COUNT IV: BREACH OF CONTRACT (ILLINOIS COMMON LAW), Salary owed

(18)    Plaintiff repeats, re-alleges and incorporates by reference, the allegations in aforementioned paragraphs with the same force and effect as if herein set forth.

(19)    Plaintiff has not been paid approximately 6,000.00 (possibly more money) in salary earned by her while in the employ of RJ.

(20)    By denying her salary to which she is entitled, Defendant RJ is in breach of its contractual obligation.

(21)    Such breach of contract has caused a financial strain on the family.

---

[5] There is likelihood of success on the merits due to overwhelming evidence of tortious actions by defendants; [Plaintiff's lawsuit] presents a threat of irreparable harm should Mr. Zakha return to Jordan, since it is not likely that plaintiff's counsel could cause him to be returned to the United Sates; and there is not an adequate remedy at law.

WHEREFORE, Plaintiff seeks (injunctive relief[6]) in order that Mr. Zakha is not allowed to leave the United States or that RJ provide provisions to enable his availability to defend against this lawsuit;  and that there is sought, judgment against all of the defendants in their official and individual capacities, jointly and severally, for actual, general, special, compensatory damages in the amount of one million dollars; and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $500,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

Under penalty of false statement, Plaintiff, by her signature below, swears that she has read the foregoing Complaint; has understood it to the best of her ability. She states that she is not a lawyer and that her English is not her first language. She agrees that based on her understanding of the Complaint,  the contents are truthful, accurate and based on her best recollection of the events described.

Plaintiffs' Signature: SEE attached scanned signature Date: 04/13/08

s\Christopher Cooper, ESQ., PHD. 13 April 2008
Counsel for Plaintiff
US District for Northern Illinois Bar Number: 2123245
Mailing: 3700 W. 103rd Street, Chicago, IL 60655
or
PO Box 1225, Hammond, IN 46325
Tel: 312 371 6752 or 219 228 4396
FAX: 866 334 7458;  E-Mail: cooperlaw3234@gmail.com

---

[6] There is likelihood of success on the merits due to overwhelming evidence of tortious actions by defendants;  [Plaintiff's lawsuit] presents a threat of irreparable harm should Mr. Zakha return to Jordan, since it is not likely that plaintiff's counsel could cause him to be returned to the United Sates; and there is not an adequate remedy at law.

## CERTIFICATE OF SERVICE

Undersigned swears that the foregoing Complaint was filed on ECF on April 13, 2008 and that he placed a copy of the Complaint into an envelope and will deposit it into the US Mail on Monday, August 14, 2008 addressed to Attorney Michael Holland, Cordon & Forsyth LLP. (counsel for RJ and Mr. Zakha), Times Square Tower, 7 Times Square, New York, New York 10036.

(21) Such breach of contract has caused a financial strain on the family.

WHEREFORE, Plaintiff seeks (injunctive relief) in order that Mr. Zakha is not allowed to leave the United States or that RJ provide provisions to enable his availability to defend against this lawsuit; and that there is sought, judgment against all of the defendants in their official and individual capacities, jointly and severally, for actual, general, special, compensatory damages in the amount of one million dollars; and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $500,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

Under penalty of false statement, Plaintiff, by her signature below, swears that she has read the foregoing Complaint; has understood it to the best of her ability. She states that she is not a lawyer and that her English is not her first language. She agrees that based on her understanding of the Complaint, the contents are truthful, accurate and based on her best recollection of the events described.

Plaintiffs' Signature: _____ Date: 04/13/08

s\Christopher Cooper, ESQ., PHD. 13 April 2008
Counsel for Plaintiff
US District for Northern Illinois Bar Number: 2123245
Mailing: 3700 W. 103rd Street, Chicago, IL 60655
or
PO Box 1225, Hammond, IN 46325
Tel: 312 371 6752 or 219 228 4396
FAX: 866 334 7458; E-Mail: cooperlaw3234@gmail.com

## CERTIFICATE OF SERVICE

Undersigned swears that the foregoing Complaint was filed on ECF on April 13, 2008 and that he placed a copy of the Complaint into an

## *United States District Court for the Northern District of Illinois*

Case Number: 08cv2096        Assigned/Issued By: YM

Judge Name: Grady        Designated Magistrate Judge: Schenkier

---

### FEE INFORMATION

*Amount Due:*   [✓] $350.00   [ ] $39.00   [ ] $5.00

[ ] IFP   [ ] No Fee   [ ] Other _____

[ ] $455.00

Number of Service Copies _____        Date: _____

(For Use by Fiscal Department Only)

Amount Paid: $350 _____        Receipt #: 2690157 _____

Date Payment Rec'd: 04/13/08 _____        Fiscal Clerk: _____

---

### ISSUANCES

[✓] Summons                              [ ] Alias Summons

[ ] Third Party Summons                   [ ] Lis Pendens

[ ] Non Wage Garnishment Summons          [ ] Abstract of Judgment

[ ] Wage-Deduction Garnishment Summons    _____

[ ] Citation to Discover Assets           (Victim, Against and $ Amount)

[ ] Writ _____
        (Type of Writ)

2   Original and 0 _____ copies on 04/14/08 _____ as to Sami Zakha, Royal
                                      (Date)

Jordanian _____

_____

C:\wpwin80\docket\feeinfo.frm    03/14/05

AO 440 (Rev. 05/00) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

**SUMMONS IN A CIVIL CASE**

Mashal,

V.

Royal Jordanian Airline,
Zakha

CASE NUMBER:

ASSIGNED JUDGE:

DESIGNATED
MAGISTRATE JUDGE:

TO: (Name and address of Defendant)

Sami Zakha c\o  Michael Holland,
Cordon & Forsyth LLP.
Times Square Tower
7 Times Square
New York, New York 10036

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Christopher Cooper, 3700 West 103rd Street, Chicago, IL 60655
Tel: 312 371 6752 Fax: 866 334 7458
E-mail: cooperlaw3234@gmail.com

an answer to the complaint which is herewith served upon you, within _____20_____ days after service of this
summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the
relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time
after service.

MICHAEL W. DOBBINS, CLERK

(By) DEPUTY CLERK

DATE



Christopher C. Cooper
PO Box 592
Westmont, IL 60559-0592

CONDON & FORSYTH LLP

APR 2 1 2008

RECEIVED

ATTORNEY Michael Holland
Condon + Forsyth LLP
TIMES Square, 7 Times Sq,
New York, NY 10036

## Patrick Keating

| | |
|---|---|
| **From:** | Patrick Keating |
| **Sent:** | Wednesday, April 16, 2008 12:25 PM |
| **To:** | Christopher Cooper |
| **Cc:** | Kimberly Keating |

**Subject:** RE: Mashal v. Royal Jordanian

Thank you Mr. Cooper, I will wait to hear from you.

Just to confirm, in order to avoid the need for the emergency motion/hearing you have requested, my client is willing to make its current local manager Mr. Zakha available for a deposition at a mutually convenient time and place in the Chicago area prior to his scheduled return to Jordan this summer. As we discussed, it is my understanding that if Mr. Lambaz is in the Chicago area currently, it is not on any Royal Jordanian business and so we would not be in a position to make him available for a deposition in the time frame requested in your Motion.

As we discussed, my co-counsel may be traveling into Chicago if the hearing does go forward on Monday the 21st , so we would appreciate if you could advise at your earliest convenience if you will be withdrawing the notice and motion.

The above offer is of course made without waiving any other rights of Royal Jordanian or its employees to make any objections or assert defenses available to it in connection with the action filed by your office.

Thank you for your courtesy and cooperation.  I look forward to hearing from you.

Regards,

**Patrick J. Keating**

**O'Hagan Spencer LLC**
1 East Wacker Drive, Suite 3400
Chicago, Illinois 60601
U.S.A.
(312) 422-6135 direct
(312) 422-6110 facsimile
(312) 933-4539 mobile

http://www.ohaganspencer.com

---

**From:** Christopher Cooper [mailto:cooperlaw3234@gmail.com]
**Sent:** Wednesday, April 16, 2008 8:39 AM
**To:** Patrick Keating
**Subject:** Re:

Thank you Mr. Keating. I still need to talk with my client. I will e-mail you a second e-mail shortly.

On Tue, Apr 15, 2008 at 5:23 PM, Patrick Keating <PKeating@ohaganspencer.com> wrote:

Dear Mr. Cooper,

5/7/2008

Following up on out telephone conversation today, attached please find my contact information.


Regards,


**Patrick J. Keating**


**O'Hagan Spencer LLC**

1 East Wacker Drive, Suite 3400

Chicago, Illinois 60601

U.S.A.

(312) 422-6135 direct

(312) 422-6110 facsimile

(312) 933-4539 mobile


http://www.ohaganspencer.com




--
Dr. Christopher Cooper, ESQ., JD, PhD
Saint Xavier University
3700 West 103rd Street
Chicago, IL 60655
Tel: 312 371 6752 or 773 298 3555
Fax: 866 334 7458
Secretary: 773 298 3281
E-mail: cooper@sxu.edu

or

PO Box 1225
Hammond, Indiana 46325


5/7/2008

Tel: 312 371 6752 or 219 228 4396
Fax: 866 334 7458
E-mail: cooperlaw3234@gmail.com

Practice in the U.S. District Court for Northern, Illinois

CONFIDENTIAL AND PRIVILEGED: This email message (including any attachments hereto) contains information which is confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone this message or any information contained in the message. If you have received this message in error, please advise the sender by reply email and delete this message.

# O'HAGAN
# SPENCER
LLC

Patrick J. Keating
312-422-6135 – Direct
312-422-6110 – Fax
Pkeating@ohaganspencer.com – E-mail

April 23, 2008

**VIA   FACSIMILE:  (866) 334-7458**
**E-MAIL:  cooperlaw3234@gmail.com; cooper@sxu.edu**
**U.S. MAIL**

Christopher Cooper, Esq.
3700 W. 103rd Street
Chicago, IL 60655

> Re:   **Mashal v. Royal Jordanian Airlines, et al**
> Case No:      08 C 2096 (US District Court, Northern District)
> Our File No:   21087-PJK / 29962

Dear Mr. Cooper:

As we have discussed, both the undersigned and Mr. Michael Holland of Condon & Forsyth in New York have been retained as counsel for Royal Jordanian Airlines. We write to confirm the agreement we have reached in which Royal Jordanian has agreed to make its local manager, Mr. Zakha, available for a deposition in Chicago before his scheduled return to Jordan this summer. In exchange, you agreed to withdraw the emergency motion you had sought before Judge Grady on April 21st. The full terms terms of our agreement in this regard are contained in the enclosed stipulation and agreement; you may feel free to file it or simply maintain it in your file, as you prefer. If you have any questions about it, please contact me.

I have reviewed the Summons and the Return of Service form you filed on April 21 (CM/ECF Docket No. 11). I must emphasize that neither Mr. Holland nor I are authorized to accept service of process on behalf of either Royal Jordanian Airlines or any of its employees. Thus, while both Mr. Holland and I do appreciate your courtesy in providing us with copies of the various filings you have made on Ms. Mashal's behalf, we must at this time respectfully direct that all issues relating to the Summons, and service of process generally, be handled in accordance with Federal Rule of Civil Procedure 4, as well as the service of process provisions of the Foreign Sovereign

Mr. Christopher Cooper
April 23, 2008
Page 2 of 2

Immunities Act, 28 U.S.C §§1602 to 1611, because our client is (as your pleadings note) an "agency or instrumentality of a foreign state" as defined at 28 USC §1603.

It is therefore our position that the Summons you mailed to Mr. Holland and the Return of Service you have submitted to the Court were not sufficient to effect service of process on either Royal Jordanian or Mr. Zakha.

With respect to the attorney appearance that was filed on my behalf on April 18, 2008, please be advised that this was filed in error by my office and my office has since withdrawn the appearance through Judge Grady's chambers (CM/ECF Document No. 12). The appearance had been prepared in the event your emergency motion was to be heard Monday, and once that was withdrawn, it should not have been filed. It was a clerical error by my office that resulted in the filing, and I apologize for any confusion this may have caused. I would expect to receive authorization to file an appearance after Royal Jordanian has been properly served in the case.

To be clear, in order to avoid unnecessary travel and expense we will make Mr. Zakha available for his deposition without requiring that parties be at issue, but in so doing we do not waive any of Royal Jordanian's legal rights and defenses. This includes but is not limited to any objections Royal Jordanian may have to jurisdiction, service of process, or any substantive objections to any pleadings or motions filed in this matter. I must emphasize again that neither Mr. Holland nor I are authorized to accept service of process for either Royal Jordanian Airlines or Mr. Zakha in connection with this matter.

Should you have any comments or questions regarding the foregoing, please do not hesitate to contact me directly.

Very truly yours,

O'Hagan Spencer LLC

Patrick J. Keating

PJK/mm
Encl.
cc: Michael J. Holland, Esq.

2

In the Matter of                     :

MANAL MASHAL,                :

                 Plaintiff,      :

              -against-        :

ROYAL JORDANIAN AIRLINES, ZAKHA,    :

              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### STIPULATION AND AGREEMENT

WHEREAS Plaintiff Manal Mashal ("Mashal") has filed in the U.S. District Court for the Northern District of Illinois, under Case Number 08 CV 2096,  an emergency motion for equitable relief, demanding, among other things, to take the deposition of an employee of Royal Jordanian Airlines ("Royal Jordanian"), Mr. Zakha; and

WHEREAS Royal Jordanian has been made aware of such claims but contends that it has not, as of the date of this Agreement, been properly served with process in connection with such; and

WHEREAS Royal Jordanian expects that Mr. Zakha, who currently works for Royal Jordanian at O'Hare International Airport, will be transferred back to the Kingdom of Jordan in the ordinary course of its business on or after August 1, 2008; and

WHEREAS Plaintiff Mashal has expressed a desire to secure the testimony of Mr. Zakha in connection with certain claims she has made against Royal Jordanian and Mr. Zakha, and

WHEREAS Royal Jordanian seeks to accommodate plaintiff's request, and to minimize travel expense, delay, and unnecessary motion practice, without waiving any of its rights, defenses or objections to the claims asserted;

NOW THEREFORE, in consideration for Plaintiff's agreement to withdraw its emergency requests for relief, Royal Jordanian, by its undersigned counsel, agrees to make Mr. Zakha available for a deposition on or before August 1, 2008, subject to the following conditions:

a.      That such deposition, and notice of same, take place in accordance with the Federal Rules of Civil Procedure, the Local Rules of the Northern District of Illinois, and such other laws and rules as would apply to a civil deposition taken in connection with a civil action pending in the U.S. District Court for the Northern District of Illinois, without regard to whether the parties above are actually at issue in any such litigation at the time of the deposition;

b.      That such deposition take place during regular business hours and take place at the offices of the undersigned counsel (1 E. Wacker Drive, Suite 3400, Chicago IL 60601);

c.      That such deposition be stenographically recorded and that the attendance fee for a certified court reporter be paid by or on behalf of plaintiff;

d.      That Mr. Zakha remains employed by or otherwise subject to the control of Royal Jordanian; and

e.      That the Agreement above is made in good faith for the convenience of Plaintiff, and that the Agreement of Royal Jordanian to make an employee available for a deposition under the circumstances described above should not be construed, and is not intended, by either Royal Jordanian or Mr. Zakha, to constitute a waiver by either of any rights, defenses, claims or objections that they have or may in the future assert against or in connection with plaintiff Mashal's claims, including but not limited to any objections to personal jurisdiction, subject matter jurisdiction,

-2-

service of process, or any substantive rights and defenses afforded by applicable law. Such applicable law shall include but not be limited to the Foreign Sovereign Immunities Act , 28 USC § 1602 *et. seq.*   Further, the execution of this Stipulation and Agreement by counsel is not intended by Royal Jordanian to act as either the general appearance or as the special and limited appearance of either Royal Jordanian or the undersigned counsel before the Court in the above referenced matter.

Dated:  Chicago, Illinois
       April  23  , 2008

O'HAGAN SPENCER LLC

By
Patrick J. Keating  (06211380)
1 East Wacker Drive
Suite 3400
Chicago, Illinois  60601
(312) 422-6100

- and -

Michael J. Holland
CONDON & FORSYTH LLP
7 Times Square - 18th Floor
New York, New York  10036
(212) 490-9100

Attorneys for Defendant
ROYAL JORDANIAN AIRLINES

-3-

**Patrick Keating**

| | |
|---|---|
| **From:** | Christopher Cooper [cooperlaw3234@gmail.com] |
| **Sent:** | Wednesday, April 23, 2008 7:28 PM |
| **To:** | Patrick Keating |
| **Cc:** | mholland@condonlaw.com |
| **Subject:** | Re: Mashal v. RJ, et. al.; |

April 23, 2008, 7:26P CST

Mr. Keating and Mr. Holland:

    Hello. Thank you for your correspondence. In response to the correspondence of April 23, 2008, I can agree to all other terms accept the place of the deposition. My depositions occur at 11 East Adams Street, Chicago. Alternatively, there is always the federal courthouse. We would simply need to ask permission of the court. Mr. Keating, I will not depose Mr. Zakha at your office unless ordered by the Court.

    As to service. I certainly understand your position; although I do not agree---I believe that service has been had on both defendants pursuant to the federal rules and the ethical and legal obligations pertaining to contacting represented clients.

Gentlemen, pursuant to my ethical and legal duty, I do not make contact with a represented clients. Royal Jordanian (RJ) and Mr. Zakha are represented by both of you. It seems strange and unprecedented that you are authorizing me (through my agents) to have contact with your clients. I think it is best that I file a copy of the April 23, 2008 letter with the Court in order that it is clear that that you are authorizing me to have contact with your clients.

    In the event that I agree to contact your clients as you have requested, I want the Court to know that this was per your request and permission.

    Certainly, if we reach a mutual understanding, service is not the most pressing issue. There is a May 15, 2008 status date and we are required to conduct a 26(f) conference prior. Let's work collectively to convene the conference. Certainly, should you file a motion to strike, I will understand; however, I will oppose the motion.

  Good Day Gentleman

April 23, 2008

On Wed, Apr 23, 2008 at 3:46 PM, Patrick Keating <PKeating@ohaganspencer.com> wrote:

> Dear Mr. Cooper:
>
>
> Attached please find a .pdf copy of a stipulation I have executed on behalf of Royal
> Jordanian Airlines, as well as a letter relating to this agreement and service of process

issues.

Sincerely,

**Patrick J. Keating**

**O'Hagan Spencer LLC**

1 East Wacker Drive, Suite 3400

Chicago, Illinois 60601

U.S.A.

(312) 422-6135 direct

(312) 422-6110 facsimile

(312) 933-4539 mobile

http://www.ohaganspencer.com

---

**From:** Christopher Cooper [mailto:cooperlaw3234@gmail.com]
**Sent:** Wednesday, April 16, 2008 10:23 PM
**To:** Patrick Keating
**Cc:** mholland@condonlaw.com
**Subject:** Re: Mashal v. RJ, et. al.; Motion is withdrawn; we can avoid a hearing by entering into a Stipulated agreement, then filing it

**Hello Mr. Holland & Mr. Keating:**

**I withdrew the motion this evening (please see below and attached). We can avoid a hearing (and that I will withdraw my action for injunctive relief) by entering into a Stipulated Agreement, then filing it.  When it is time to file the agreement, I will do so through ECF---Judge Grady may accept the agreement via an online ruling or will require that we appear briefly. I sense that I and Mr. Keating could appear for this purpose.  Mr. Keating, the language in your e-mail (with minor tweeks) stating that RJ will make Mr. Zakha available is acceptable to me and to my client. I do not**

5/7/2008

AO 440 (Rev. 05/00) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

### SUMMONS IN A CIVIL CASE

Mashal,

CASE NUMBER:    O8cv 2096

V.

ASSIGNED JUDGE:

Royal Jordanian Airline,
Zakha

DESIGNATED
MAGISTRATE JUDGE:

TO: (Name and address of Defendant)

Michael Holland,
Cordon & Forsyth LLP.
Times Square Tower
7 Times Square
New York, New York 10036

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Christopher Cooper, 3700 West 103rd Street, Chicago, IL 60655
Tel: 312 371 6752 Fax: 866 334 7458
E-mail: cooperlaw3234@gmail.com

an answer to the complaint which is herewith served upon you, within _____ 20 _____ days after service of this
summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the
relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time
after service.

MICHAEL W. DOBBINS, CLERK

_____
(By) DEPUTY CLERK

_____
DATE

.

AO 441 (Rev. 09/00) Third Party Summons in a Civil Action

| RETURN OF SERVICE |
|---|

| Service of the Summons and complaint was made by me[1] | DATE Mailed APRIL 14, 2008 |
|---|---|
| NAME OF SERVER (PRINT) CHRISTOPHER COOPER | TITLE PF COUNSEL |

Check one box below to indicate appropriate method of service

G  Served personally upon the third-party defendant. Place where _____

G  Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and
discretion then residing therein.

Name of person with whom the summons and complaint were left: _____

G  Returned unexecuted: _____

G  Other (specify): Placed INTO US MAIL, APRIL 14, 2008 addressed TO ATTY MICHAEL HOLLAND, CORDON+FORSYTH. IN RESPONSE TO LAWSUIT, I WAS CONTACTED TELEPHONICALLY BY ATTY. P. KEATING WHO STATED THAT HE TOO WAS REPRESENTING RJ. HE FILED AN APP IN ECF 4/16/08 3429

STATEMENT OF SERVICE FEES
4/15/08

| TRAVEL | SERVICES | TOTAL |
|---|---|---|

| DECLARATION OF SERVER |
|---|

Executed on  April 14 2008     Christopher Cooper
            Date        Signature of Server

3700 W. 103rd ST.
Chicago, IL 60655

Address of Server

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure