IN THE UNITED STATES DISTRICT COURT
FOR NORTHERN ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MASHAL | )JUDGE Der-Yeghiayan |
|     PLAINTIFF, | )MAGISTRATE  JUDGE Schenkier |
|     v. | )CASE 08cv2096 |
| ROYAL JORDANIAN AIRLINE, | ) |
| ZAKHA | ) |
|     DEFENDANTS. | ) |

MOTION FOR RECONSIDERATION

NOW COMES Plaintiff Manal Mashal through counsel, Christopher Cooper, and moves this Court pursuant to 28 USC 1332(a)(2) and 28 USC 1332(c).


Respectfully Submitted,

s\Christopher Cooper, ESQ., PHD. 14 April 2008
Counsel for Plaintiff
Mailing: 3700 W. 103rd Street, Chicago, IL 60655
Or, PO Box 1225, Hammond, IN 46325 Tel: 312 371 6752 or 219 228 4396
FAX: 866 334 7458;  E-Mail: cooperlaw3234@gmail.com


CERTIFICATE OF SERVICE

Undersigned swears that he filed the foregoing on ECF and that Patrick Keating is a registered e-filer.  On May 14, 2008, the foregoing motion, memorandum and Notice will be deposited into the US Mail addressed to defendants.    s\Christopher Cooper.

IN THE UNITED STATES DISTRICT COURT
FOR NORTHERN ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MASHAL | ) JUDGE Der-Yeghiayan |
|     PLAINTIFF, | ) MAGISTRATE JUDGE Schenkier |
|     v. | ) CASE 08cv2096 |
| ROYAL JORDANIAN AIRLINE, | ) |
| ZAKHA | ) |
|     DEFENDANTS. | ) |

MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION

NOW COMES Plaintiff Manal Mashal through counsel, Christopher Cooper and states as follows:

(1) On May 14, 2008, this Court dismissed plaintiff's action as premature and that the Court refered to a lack of an allegation of citizenship. (A check of ECF at 2:24PM, May 14, 2008 did not show that the Order has been given a number yet; order was handed to the undersigned in court this morning, May 14, 2008. Order is attached to this filing.)

(2) The Court wrote in its Order that when parties allege residence but not citizenship, the Court must dismiss the suit.

(3) Plaintiff does allege citizenship. (see Complaint, paragraphs under designation of Parties; esp., para. 1).

(4) Defendant Zakha is a citizen of Amman, Jordan. His domiciallry is the country of Jordan unless plaintiff learns otherwise. (See Complaint paragraphs Under designation.)

(5) Defendant Royal Jordanian Airline is a citizen of Amman, Jordan. Its domiciallry is the country of Jordan. Its principal place of business is Queen Alia International Airport (AMM) in the country of Jordan.

(6) Royal Jordanian is Not incorporated in the State of Illinois (based on checks in the Illinois Secretary of State database of corporations).

(7) No adversary of the corporation (in this case Plaintiff Mashal) may be a citizen of the state in which the corporation is incorporated and the state in which it has its principal place of business.

(8)     For diversity purposes, a corporation shall be deemed a citizen of the state in which it is incorporated and of the state where it has its principal place of business. *Steamship Co. v. Tugman,* 106 U.S. 118, 121, 1 S.Ct. 58, 59, 27 L.Ed. 87 (1882); *Restatement (Second) of the Foreign Relations Law of the United States* § 26 (1965).

(9)     Plaintiff is a citizen of Illinois and the United States. She is domiciled in the state of Illinois. Defendant Royal Jordanian is not incorporated in the state of Illinois.

(10)    Domicile is what counts. A residence (e.g., that Royal Jordanian operates a few flights from Chicago O'Hare is not enough to make a person a citizen of a state as the term citizen is used in Article III, § 2 of the Constitution).

(11)    In order to invoke diversity, it must be the case that no plaintiff is a citizen of the same state as defendant. Royal Jordanian and Manal Mashal are residents of different states.

(12)    Alienage Jurisdiction applies in the above captioned matter. (see 28 USC §1332(a)(2). This suit is between a citizen of one state (Illinois), and on one the other side Defendant Zakha a domciallry of Jordan (we hope to learn in Discovery, his exact status in the U.S.), as is Defendant Royal Jordanian. The defendant airline is domiciled in a foreign county (Jordan) and for the purpose §1332(a)(2), the airline although an entity is a citizen of Jordan.

(13)    Plaintiff is not a citizen of the state in which defendant corporation is incorporated or in the state in which Royal Jordanian has its principal place of business.

(14)    Jordan is recognized by the United States. For purposes of § 1332(a)(4), a foreign state and the government that represents it must be one " 'recognized' " by the United States. *National Petrochemical,* 860 F.2d at 553 (citing *Pfizer Inc. v. India,* 434 U.S. 308, 319-20, 98 S.Ct. 584, 591- 92, 54 L.Ed.2d 563 (1978)).

WHEREFORE, Plaintiff respectfully asks this court to reconsider its Order and to vacate the Order based on this pleading that shows there is Diversity pursuant to §1332(a)(2) and §1332(a)(c).

Respectfully Submitted,
s\Christopher Cooper, ESQ., PHD. 14 April 2008
Counsel for Plaintiff
Mailing: 3700 W. 103rd Street, Chicago, IL 60655
Or, PO Box 1225, Hammond, IN 46325 Tel: 312 371 6752 or 219 228 4396
FAX: 866 334 7458;  E-Mail: cooperlaw3234@gmail.com

CERTIFICATE OF SERVICE

Undersigned swears that he filed the foregoing on ECF on May 14, 2008 and that Attorney Patrick Keating is a registered e-filer. On May 14, 2008, the foregoing motion, memorandum and Notice will be deposited into the US Mail addressed to defendants.    s\Christopher Cooper.

Order Form (01/2005)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 08 C 2096 | DATE | 5/14/2008 |
| CASE TITLE | Manal Mashal vs. Royal Jordanian Airline, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiffs brought the instant action, indicating that she is going to bring claims under Title VII and 42 U.S.C.A. § 1983 once she receives a right to sue letter from the Equal Employment Opportunity Commission. These claims are thus premature. The only remaining claims are state claims and not federal claims. However, the court must first determine that the court has subject matter jurisdiction. Plaintiff states that this court has diversity subject matter jurisdiction. However, Plaintiff in the statement of the parties states that "Plaintiff is a United States citizen and that she is a resident of the State of Illinois (County of Cook) and was harmed by defendants in the state of Illinois." (Compl. 4). The Seventh Circuit has stated that "[w]hen the parties allege residence but not citizenship, the court must dismiss the suit." *Guaranty Nat. Title Co., Inc. v. J.E.G. Associates*, 101 F.3d 57, 58-59 (7th Cir. 1996). Therefore, based on the foregoing, we dismiss the instant action. All pending dates and motions are hereby stricken as moot. Civil case terminated.

Docketing to mail notices.

| | Courtroom Deputy Initials: | MW |
|---|---|---|