IN THE UNITED STATES DISTRICT COURT
FOR NORTHERN ILLINOIS
EASTERN DIVISION

_____

MASHAL                                  )JUDGE Der-Yeghiayan
        PLAINTIFF,                      )MAGISTRATE  JUDGE Schenkier
        v.                              )CASE 08cv2096
ROYAL JORDANIAN AIRLINE, )
ZAKHA                                   )
        DEFENDANTS.             )
_____

MOTION TO VACATE Document 19
CONTINGENT ON THE IMMEDIATE FILING OF A NEW COMPLAINT

        NOW COMES Plaintiff Manal Mashal through counsel, Christopher
Cooper, and respectfully asks the Court to vacate its May 14th order
(DOC. 19) dismissing the above captioned matter without prejudice
contingent on Plaintiff filing the attached New Complaint without delay.
Plaintiff's counsel having prepared a New Complaint with the changed
verbiage as to citizenship as was referenced in the Court's order of May
22, 2008 (not yet numbered).


Respectfully Submitted,

s\Christopher Cooper, ESQ., PHD., 22 May 2008
Counsel for Plaintiff
Mailing: 3700 W. 103rd Street, Chicago, IL 60655
Or, PO Box 1225, Hammond, IN 46325 Tel: 312 371 6752 or 219 228
4396
FAX: 866 334 7458;  E-Mail: cooperlaw3234@gmail.com


CERTIFICATE OF SERVICE
Undersigned swears that he filed the foregoing on ECF and that Patrick
Keating is a registered e-filer.  On May 22, 2008, the foregoing motion,
memorandum and Notice will be deposited into the US Mail addressed to
defendants.     s\Christopher Cooper.

IN THE UNITED STATES DISTRICT COURT
FOR NORTHERN ILLINOIS
EASTERN DIVISION

---

| | |
|---|---|
| MASHAL | )JUDGE Der-Yeghiayan |
| PLAINTIFF, | )MAGISTRATE  JUDGE Schenkier |
| v. | )CASE 08cv2096 |
| ROYAL JORDANIAN AIRLINE, | ) |
| ZAKHA | ) |
| DEFENDANTS. | ) |

MEMORANDUM IN SUPPORT OF MOTION TO VACATE Document 19
CONTINGENT ON THE IMMEDIATE FILING OF A NEW
COMPLAINT

NOW COMES Plaintiff Manal Mashal through counsel, Christopher Cooper, and respectfully asks the Court to vacate its May 14th order (DOC. 19) dismissing the above captioned matter without prejudice contingent on Plaintiff filing the attached New Complaint without delay. Plaintiff's counsel having prepared a New Complaint with the changed verbiage as to citizenship as was referenced in the Court's order of May 22, 2008 (not yet numbered).  Plaintiff through Counsel states as follows:

(1)    As to Diversity, on May 14th, 2008 (DOC. 19), this Court held that Plaintiff had not alleged Citizenship.

(2)    The Jurisdictional Statement of the Complaint read: "Jurisdiction of this United States District Court is had under 28 U.S.C. § 1331; as well as 28 U.S.C. § 1332 in which plaintiff's claim: (a) exceeds $75,000; (b) the individual parties are citizens of different States (Illinois and Jordan);  (c) Royal Jordanian is a government run airline that is domiciled in Amman, Jordan; and (d) the defendants are citizens and subjects of the country of Jordan, having "Green Card" status in the United States.   Supplemental Jurisdiction is had through **28 U.S.C. § 1367 in that plaintiffs'** related claims form part of the same case or controversy under Article III of Constitution.

Under Parties in the Complaint, Plaintiff was described as a resident of the state of Illinois and a citizen of the United States.

(3)    On May 14, Plaintiff did file a motion for re-consideration. The motion was denied.

(3)    In Court on May 22, 2008, Plaintiff's counsel received the Court's order (not yet numbered) describing the defect in verbiage. Plaintiff's counsel has eliminated the word resident, hence cured the Complaint, and, having prepared a new Complaint as would be directed in the event that plaintiff wished to cure the problem.

WHEREFORE, Plaintiff respectfully asks that this Court direct plaintiff's counsel to file the attached, new complaint and that the Court would Vacate the Order represented as Document 19 contingent on compliance.

Respectfully Submitted,

s\Christopher Cooper, ESQ., PHD., 22 May 2008
Counsel for Plaintiff
Mailing: 3700 W. 103rd Street, Chicago, IL 60655
Or, PO Box 1225, Hammond, IN 46325 Tel: 312 371 6752 or 219 228 4396
FAX: 866 334 7458;  E-Mail: cooperlaw3234@gmail.com

CERTIFICATE OF SERVICE

Undersigned swears that he filed the foregoing on ECF and that Patrick Keating is a registered e-filer.  On May 22, 2008, the foregoing motion, memorandum and Notice will be deposited into the US Mail addressed to defendants.    s\Christopher Cooper.

IN THE UNITED STATES DISTRICT COURT
FOR NORTHERN ILLINOIS
EASTERN DIVISION

---

| | |
|---|---|
| MASHAL | ) JUDGE Grady |
|      PLAINTIFF, | ) MAGISTRATE  JUDGE Schenkier |
|      v. | ) CASE 08cv2096 |
| ROYAL JORDANIAN AIRLINE, | ) |
| ZAKHA | ) |
|      DEFENDANTS. | ) |

---

COMPLAINT (DATED MAY 22, 2008) FOR INJUNCTIVE, DECLATORY
RELIEF AND MONETARY DAMAGES

NATURE OF COMPLAINT

This is a dual action. First, a Diversity action (to include Alienage)
for monetary damages and second a Diversity (to include Alienage) action
for injunctive-declaratory relief (TRO).  Plaintiff alleges citizenship
pursuant to bringing the action in Diversity.

The TRO sought is to prevent Defendant Royal Jordanian Airline
from sending Jordanian passport holder, Defendant Sami Zakha, back to
the country of Jordan (a country with which the United States, arguably,
has Luke warm relations) until and unless plaintiff's counsel has had an
opportunity to depose him pursuant to plaintiff's lawsuit for Mental
Stress and Title VII actions (latter actions are before the EEOC[1] and not
yet filed). Ultimately, when the EEOC releases the Title VII complaint on
or about August 7, 2009, there may be a plaintiff's motion for leave of
court to amend this Complaint.

Upon reasonable information and belief, Defendant Royal
Jordanian will send Defendant Zakha back to Jordan in July 2008. The

---

[1] When the EEOC issues a Right to Sue letter, Plaintiff will amend her Complaint to include
counts for: Title VII harassment: Pregnancy and sex; and Title VII, Retaliation; Title VII Mental
Stress under Color of Law (42 USC 1983).

earliest that EEOC will finish its investigation is approximately August 8, 2008. By then, Mr. Zakha will no longer be in the United States.

The government of the Country of Jordan (for which Defendant Royal Jordanian is a government agency) is a United Nations Member; however, Jordan has not signed the Convention on the Elimination of All Forms of Discrimination against Women, hence it has not complied with United Nations Treaty, Article 18. Since this Article personifies the issues in the above captioned matter, it is reasonable to conclude that Royal Jordanian will not make Mr. Zakha available to plaintiff's attorney and this Court.

Pursuant to a FRCP 65 analysis: Plaintiff's lawsuit: 1) has a likelihood of success on the merits due to overwhelming evidence of tortious actions by defendants; 2) [Plaintiff's lawsuit] presents a threat of irreparable harm should Mr. Zakha return to Jordan, since it is not likely that plaintiff's counsel could cause him to be returned to the United Sates; and 3) there is not an adequate remedy at law. Having met these conditions, plaintiff's counsel asserts that a balance of the hardships and the impact on public interest show that it is prudent that an injunction issue or that appropriate guarantees are made to the satisfaction of the Court that Mr. Zakha will be available for a deposition sitting and that he is available defendant this lawsuit (cf. Illusions Too Reality, LLC v. City of Harvey, 2003).

Independent of Title VII claims; but upon separate and independent grounds, plaintiff files this Complaint in Diversity pursuant to the FRCP, for monetary damages, Breach of Contract and Mental Stress. The latter caused by actions of Royal Jordanian Airline and Mr. Zakha subsequent to plaintiff's employment with Royal Jordanian Airline. Subsequent stress is related to post employment behavior by defendants and numerous contacts with the represented plaintiff by the defendant airline and its lawyers; although, both were aware that plaintiff is represented by counsel. Other counts of mental stress will

comprise the amended complaint, once the EEOC has issued a Right-to-Sue letter. Those Counts will show retaliation, namely, plaintiffs termination on January 11, 2008 by Royal Jordanian Airline, her employer of 14 years, when she communicated on January 11, 2008 to Royal Jordanian that that she was the victim of harassment for being female and pregnant; and  [mental stress caused by] by ongoing harassment of plaintiff's person while she was in the employ of Royal Jordanian.[2]

Plaintiff was employed by Royal Jordanian Airline beginning in 1994. On January 11, 2008, she was terminated by Defendant Royal Jordanian on orders of Nabil Bataineh, based in New York City.  Mr. Bataineh explained to plaintiff and her husband that she was terminated because she erred and violated Jordanian cultural norms when plaintiff's lawyer sent Royal Jordanian a letter that complained plaintiff was the victim of Title VII violations by defendants.  Mr. Bataineh implied that the letter was inappropriate, since a woman should not to speak to a man this way or to threaten a man through a lawyer.

JURISDICTION

Jurisdiction of this United States District Court is had under 28 U.S.C.§1331; as well as 28 U.S.C. § 1332(a)(2) and 28 USC 1332(c). in which plaintiff's claim: (a) exceeds $75,000; (b) the individual parties are citizens of different States (Illinois and Jordan);  (c) Royal Jordanian is a government run airline that is a citizen of Amman, Jordan; and (d) that the Defendant Zakha is a citizen of the country of Jordan. Supplemental Jurisdiction is had through **28 U.S.C. § 1367 in that**

---

[2] Retaliation occurred at least three times, to include her termination of employment by and with Royal Jordanian on January 11, 2008 for her having complained through her lawyer on January 11, 2008.

**plaintiffs'** related claims form part of the same case or controversy under Article III of Constitution.

Alienage Jurisdiction applies in the above captioned matter. This suit is between a citizen of one state (Plaintiff in Illinois), on one side and the other side Defendant Zakha is a citizen (to include domiciliary) of Jordan, as is Defendant Royal Jordanian. Royal Jordanian and Sami Zakha are citizens (to include domiciled) in a foreign county, the country of Jordan. For diversity purposes, a corporation shall be deemed a citizen of the state in which it is incorporated and of the state where it has its principal place of business. *Steamship Co. v. Tugman,* 106 U.S. 118, 121, 1 S.Ct. 58, 59, 27 L.Ed. 87 (1882); *Restatement (Second) of the Foreign Relations Law of the United States* § 26 (1965). Plaintiff is not a citizen of the [US] state in which defendant corporation is or may incorporated. For purposes of § 1332(a)(4), a foreign state and the government that represents it must be one " 'recognized' " by the United States. *National Petrochemical,* 860 F.2d at 553 (citing *Pfizer Inc. v. India,* 434 U.S. 308, 319-20, 98 S.Ct. 584, 591- 92, 54 L.Ed.2d 563 (1978)). Jordan is recognized by the United States.

PARTIES

(1)     Plaintiff alleges Citizenship.  She is a United States citizen and a citizen of the State of Illinois. She is also a citizen of the United States.

(2)     Plaintiff alleges Citizenship as to Defendant Royal Jordanian Airline.  The airline is a citizen of the country of Jordan.  Defendant Royal Jordanian Airline is a citizen of Amman, Jordan. Its domically is the country of Jordan. Its principal place of business is Queen Alia International Airport (AMM) in the country of Jordan.  It is primarily, a government owned and operated Airline of the country of Jordan with a regional office for North America operations in New York City, New York. Royal Jordanian is NOT incorporated in the state of Illinois and for

Alienage and diversity purposes, in addition to being a citizen of Jordan, it may be a citizen of New York if it is incorporated there.

(3)     Plaintiff alleges Citizenship as to Defendant Sami Zakha. Defendant Sami Zakha is employed by Royal Jordanian Airline (a citizen of Amman, Jordan) as a supervisor. Based upon reasonable information and belief, Defendant Sami Zakha is a citizen of the country of Jordan.

FACTS

(1)     Plaintiff is a citizen of the United States, living with her husband and two children.

(2)     Plaintiff is pregnant and expecting a child on or about June 2008.

(3)     Plaintiff began employment with Royal Jordanian (hereinafter referred to as RJ) in 1994 in the country of Syria.

(4)     In 2001, plaintiff was reassigned by RJ to Chicago O'Hare Airport from which RJ operates one flight a day to Jordan. The airline is not incorporated in the state of Illinois. The Airline operates the Chicago office from Queen Alia International Airport (AMM) in the country of Jordan with other limited operations from the State of New York.

(5)     Plaintiff has an excellent work history with RJ to include having been promoted to supervisor.

(6)     In November 2007, plaintiff told Defendant Zakha that she was pregnant.

(7)     RJ tolerated plaintiff having two children, and, as a result, her missing work. The third pregnancy is, allegedly, considered by RJ as plaintiff taking advantage of RJ.

(8)     Defendant Zakha told plaintiff that he no longer wanted to hire women and that when plaintiff went on maternity leave [he said], that he would replace her with a man and that she would not be able to return to her job at RJ completing her recovery form having given birth.

(9)     A man was subsequently hired by RJ and plaintiff is no longer in the employ of RJ.

(10)    By late December 2007, the harassment of plaintiff for being pregnant and a woman intensified as evidenced by RJ and Mr. Zakha disallowing plaintiff time (and salary) to see an obstetrician and or other physicians as to her pregnancy.

(11)    Defendant Zakha was summoning plaintiff to his office to do meaningless chores and that he would smoke cigarettes in her presence and in the presence of the unborn child so to cause serious injury to the fetus. (Smoking is not permitted inside of O'Hare Airport buildings.)

(12)    Defendant Zakha had wrongly penalized plaintiff for a routine voided MCO.

(13)    Defendant was suspended for her being pregnant and a woman, however, defendants used the guise of a voided MCO.

(14)    On January 11, 2008, plaintiff's attorney telephoned and faxed (a lengthy letter) defendants in New York and Chicago.  He told defendants to cease violating Title VII rights held by plaintiff.

(15)    In response to warnings about Title VII, within one hour of having received the letter and the telephonic communication, RJ Regional Manager Nabil Bataineh, in New York City, sent an overnight letter to plaintiff telling her that she was terminated from her employment with RJ.

(16)    In a telephone conversation, Nabil Bataineh implied to plaintiff and her spouse that plaintiff was terminated for having threatened defendants and that regardless of US law and custom, it is not a woman's place (in Jordanian and Middle Eastern culture(s)) to threaten a man directly or through a lawyer.

(17)    Plaintiff has suffered mental stress as a result of the foregoing actions by defendants.

(18)    The government of the Country of Jordan (for which RJ is a government agency) is a United Nations Member; however,  Jordan has not signed the  Convention on the Elimination of All Forms of

Discrimination against Women, hence it has not complied with United Nations Treaty, Article 18.

(19)    A non-signature represents that the non-signing country has not committed itself to undertake a series of measures to end discrimination against women in all forms.

(20)    The EEOC is presently conducting an investigation of plaintiff's Title 7 claims. A Right-to-Sue letter can issue within 180 days of complaint to the EEOC.

(21)    Upon reasonable information and belief, RJ will send Defendant Zakha back to Jordan in July 2008.

(22)    The earliest that EEOC can issue a Right-To-Letter is approximately August 8, 2008.  By then, Mr. Zakha will no longer be in the United States.

COUNT I: MENTAL STRESS, INTENTIONAL TORT (ILLINOIS COMMON LAW)

(1)    Defendants did intend a mental effect on Plaintiff.

(2)    Defendants did behave in an outrageous and offensive manner toward plaintiff.

(3)    The outrageous and offensive behavior was without plaintiff's consent.

(4)    The behavior of the defendants caused plaintiff mental stress.

(5)    The plaintiff has been evaluated and treated for the mental stress.

(6)    Plaintiff has suffered damages as a result of the mental stress caused by the defendants.

(7)    Defendants did wrongly accuse plaintiff of wrongdoing (how she handled an MCO and broken credit card machine). The accusation has caused mental stress to plaintiff.

(8)    Subsequent to her termination from RJ, defendants have harassed plaintiff to include contacting her (although she has been represented by counsel since January 19, 2008); suspending her flight benefits; and

failing to pay her owed salary for approximately $6000.00 possibly much more. These actions have caused mental stress to plaintiff.

(9)    Damages include that plaintiff has difficulty [because of mental stress] performing some life functions and that Plaintiff's unborn child is at risk and may have suffered or will suffer physical injury because of the mental stress.

WHEREFORE, Plaintiff seeks (injunctive relief[3]) in order that Mr. Zakha is not allowed to leave the United States or that RJ provide provisions to enable his availability to defend against this lawsuit;  and that there is sought, judgment against all of the defendants in their official and individual capacities, jointly and severally, for actual, general, special, compensatory damages in the amount of one million dollars; and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $500,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

COUNT II: BREACH OF CONTRACT (ILLINOIS COMMON LAW), Flight Benefits

(10)    Plaintiff repeats, re-alleges and incorporates by reference, the allegations in aforementioned paragraphs with the same force and effect as if herein set forth.

(11)    Plaintiff is promised flight benefits by RJ for life as per her contract.

(12)    In February or March 2008, plaintiff was denied travel benefits.

(13)    By denying benefits and that plaintiff has given consideration for

---

[3] There is likelihood of success on the merits due to overwhelming evidence of  tortious actions by defendants;  [Plaintiff's lawsuit] presents a threat of irreparable harm should Mr. Zakha return to Jordan, since it is not likely that plaintiff's counsel could cause him to be returned to the United Sates;  and  there is not an adequate remedy at law.

such contract, defendant RJ is in breach of its contractual obligation.

WHEREFORE, Plaintiff seeks (injunctive relief[4]) in order that Mr. Zakha is not allowed to leave the United States or that RJ provide provisions to enable his availability to defend against this lawsuit;  and that there is sought, judgment against all of the defendants in their official and individual capacities, jointly and severally, for actual, general, special, compensatory damages in the amount of one million dollars; and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $500,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

COUNT III: BREACH OF CONTRACT (ILLINOIS COMMON LAW), Profit Sharing

(14)    Plaintiff repeats, re-alleges and incorporates by reference, the allegations in aforementioned paragraphs with the same force and effect as if herein set forth.

(15)    Plaintiff is promised profit sharing benefits by RJ for life as per her contract.

(16)    Plaintiff has not received profit sharing monies from RJ since her termination.

(17)    By denying this benefit and that plaintiff has given consideration for such contract, defendant RJ is in breach of its contractual obligation.

WHEREFORE, Plaintiff seeks (injunctive relief[5]) in order that Mr.

---

[4] There is likelihood of success on the merits due to overwhelming evidence of  tortious actions by defendants;  [Plaintiff's lawsuit] presents a threat of irreparable harm should Mr. Zakha return to Jordan, since it is not likely that plaintiff's counsel could cause him to be returned to the United Sates; and there is not an adequate remedy at law.

[5] There is likelihood of success on the merits due to overwhelming evidence of  tortious actions by defendants;  [Plaintiff's lawsuit] presents a threat of irreparable harm should Mr. Zakha return

Zakha is not allowed to leave the United States or that RJ provide provisions to enable his availability to defend against this lawsuit;  and that there is sought, judgment against all of the defendants in their official and individual capacities, jointly and severally, for actual, general, special, compensatory damages in the amount of one million dollars; and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $500,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

### COUNT IV: BREACH OF CONTRACT (ILLINOIS COMMON LAW), Salary owed

(18)     Plaintiff repeats, re-alleges and incorporates by reference, the allegations in aforementioned paragraphs with the same force and effect as if herein set forth.

(19)     Plaintiff has not been paid approximately 6,000.00 (possibly more money) in salary earned by her while in the employ of RJ.

(20)     By denying her salary to which she is entitled, Defendant RJ is in breach of its contractual obligation.

(21)    Such breach of contract has caused a financial strain on the family.

WHEREFORE, Plaintiff seeks (injunctive relief[6]) in order that Mr. Zakha is not allowed to leave the United States or that RJ provide

---

to Jordan, since it is not likely that plaintiff's counsel could cause him to be returned to the United Sates; and there is not an adequate remedy at law.

[6] There is likelihood of success on the merits due to overwhelming evidence of  tortious actions by defendants;  [Plaintiff's lawsuit] presents a threat of irreparable harm should Mr. Zakha return to Jordan, since it is not likely that plaintiff's counsel could cause him to be returned to the United Sates; and there is not an adequate remedy at law.

provisions to enable his availability to defend against this lawsuit;  and that there is sought, judgment against all of the defendants in their official and individual capacities, jointly and severally, for actual, general, special, compensatory damages in the amount of one million dollars; and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $500,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

Under penalty of false statement, Plaintiff, by her signature below, swears that she has read the foregoing Complaint; has understood it to the best of her ability. She states that she is not a lawyer and that her English is not her first language. She agrees that based on her understanding of the Complaint,  the contents are truthful, accurate and based on her best recollection of the events described.

Plaintiffs' Signature: see attached signature page dated: 04/13/08

s\Christopher Cooper, ESQ., PHD. 22 May 2008
Counsel for Plaintiff
US District for Northern Illinois Bar Number: 2123245
Mailing: 3700 W. 103rd Street, Chicago, IL 60655
or
PO Box 1225, Hammond, IN 46325
Tel: 312 371 6752 or 219 228 4396
FAX: 866 334 7458;  E-Mail: cooperlaw3234@gmail.com


CERTIFICATE OF SERVICE

Undersigned swears that the foregoing Complaint was filed on ECF on May 22, 2008 for the purpose of notice to Mr. Keating who has filed a Special appearance and the he placed a copy of the Complaint into an envelope and will deposit it into the US Mail on May 22, 2008 addressed to Defendant Airline and Defendant Mr. Zakha.