Case 1:08-cv-02096    Document 25    Filed 05/22/2008    Page 1 of 2


Order Form (01/2005)



# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 2096 | **DATE** | 5/22/2008 |
| **CASE TITLE** | Mashal vs. Royal Jordanian Airlines | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Plaintiff's motion for reconsideration [18] is denied.

■ [ For further details see text below.]                                                              Docketing to mail notices.

## STATEMENT

This matter is before the court on Plaintiff Manal Mashal's ("Mashal") motion for reconsideration. To succeed on a motion for reconsideration a party must present either manifest error of law or must present newly discovered evidence. *LB Credit Corp.*, 49 F.3d at 1267. Rule 59(e) motions do not give a party the opportunity to rehash old arguments or to present new arguments or evidence "that could and should have been presented to the district court prior to the judgment." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996)(citing *LB Credit Corp.*, 49 F.3d at 1267. On May 14, 2008, we dismissed the instant action for lack of subject matter jurisdiction since Mashal failed to properly allege diversity of citizenship in the complaint. We also noted that Mashal's federal claims were premature.

In the motion for reconsideration, Mashal argues that she did properly allege diversity of citizenship in the Complaint and she cites to paragraph 1 of the complaint, under the "designation of Parties." (Mot. 1). We note that, under the designation of "PARTIES" paragraph (1) in the complaint, Mashal stated "Plaintiff is a United States Citizen and that she is a resident of the State of Illinois (County of Cook) and was harmed by defendants in the state of Illinois." (Compl. Par. 1). As we stated in our order dismissing the case, "[w]hen the parties allege residence but not citizenship, the court must dismiss the suit." *Guaranty Nat. Title Co., Inc.*

08C2096 Mashal vs. Royal Jordanian Airlines                Page 1 of 2

| STATEMENT |
|---|
| *v. J.E.G. Associates*, 101 F.3d 57, 58-59 (7th Cir. 1996). The burden on a plaintiff to properly allege jurisdiction and Mashal failed to do so. Therefore, Mashal has not shown that the court's order was in error. Mashal's motion for reconsideration is denied. The court's dismissal was without prejudice. If Mashal believes that she can properly and clearly allege diversity jurisdiction, she must do so in a new complaint. |